# UNITED STATES DISTRICT COURT

## DISTRICT OF NEW MEXICO

**INVESTMENT COMPANY OF THE
SOUTHWEST, INC.,**

      **Plaintiff,**

**vs.**                                  **10-CV-587 JP/LFG**

**UNITED STATES OF AMERICA,
CITY OF ALBUQUERQUE, NEW MEXICO,
HERBERT L. MARCHMAN, Trustee of the Shareholder
Liquidating Trust Dated June 1, 1988,
DIAMOND ROCK DEVELOPMENT, INC.,
SOUTHWEST DEVELOPMENT GROUP, LLC,
ENCHANTMENT INVESTMENTS, LTD.,
JOHN MITCHELL SIMSON and
JEFFREY PAUL SIMSON as
Trustees of the George Simson and Helene Simson Family Trust,
MARGARET ANN DOTSON, Trustee of the
Helen Lewis Haynes Trust, UAD 2-16-81,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER
## DENYING RULE 12(b)(6) MOTION TO DISMISS (Doc. No. 32)

On August 31, 2010, Defendant United States of America ("United States") filed United States' Fed. R. Civ. P. 12(b)(6) Motion To Dismiss For Plaintiff's Failure To State A Claim Upon Which Relief Can Be Granted (Doc. No. 32) ("Motion"). On September 17, 2010, Plaintiff Investment Company Of The Southwest, Inc. ("Investment Company") filed Plaintiff's Response To The United States' Fed. R. Civ. P. 12(b)(6) Motion To Dismiss (Doc. No. 42) ("Response"). On October 1, 2010, Defendant filed United States' Reply To Plaintiff's Response To United States' Rule 12(b)(6), Fed. R. Civ. P., Motion To Dismiss (Doc. No. 46) ("Reply").  Because Investment Company has stated a claim upon which relief can be granted under the Quiet Title

Act, 28 U.S.C. § 2409a et seq., the Court will deny the Motion.

I. Background

Investment Company owns a parcel of property located in the far southeastern corner of Bernalillo County described as Section 36, Township 10 North, Range 4 East, N.M.P.M., Bernalillo County, New Mexico: Lots 3 and 4; NE¼ SW¼ ("Investment Company's Property"). Defendants Southwest Development Group, Enchantment Investments, Ltd., John Mitchell Simson and Jeffrey Paul Simson, Trustees of the George Simson and Helene Simson Family Trust, Margaret Ann Dotson, Trustee of the Helen Lewis Haynes Trust, UAD 2-16-81, Herbert L. Marchman, Trustee of the Shareholder Liquidating Trust dated June 1, 1988, Diamond Rock Development, Inc., and the City Of Albuquerque each own parcels of land in Section 36, Township 10 North, Range 4 East, N.M.P.M., Bernalillo County, New Mexico. Investment Company and the other property owners in Section 36 will be referred to as the "Section 36 Owners."

The United States owns a parcel of property to the south of Section 36, located in Section 1, Township 9 North, Range 4 East, N.M.P.M., Bernalillo County, New Mexico, which is occupied by Kirtland Air Force Base ("KAFB Property"). The north boundary of Section 1 is supposed to be the same as the south boundary of Section 36 ("Common Section Boundary"). This boundary is also the boundary between Township 9 North and Township 10 North.

Prior to 1906, Sections 1 and 36 were public lands owned by the United States and were surveyed as part of the Public Land Survey System. In 1947, Kirtland Air Force Base ("KAFB") acquired Section 1 by eminent domain. In 1950, the United States ordered a survey to determine the boundary line between Sections 1 and 36. The survey was performed by Black & Veatch Surveyors ("Black Survey").  KAFB erected a fence along the  boundary between Sections 1 and

2

36 as shown on the Black Survey ("Original KAFB Fence").  The Original KAFB fence was in place for more than 50 years.

In 1992, the United States Department of Defense ordered another survey of the boundary between Sections 1 and 36 from Koogle & Pouls Engineering, Inc. ("Koogle Survey"). The Koogle Survey placed the boundary between Sections 1 and 36 farther north than the boundary shown by the Black Survey. Under the Koogle Survey, the KAFB Property was increased about 40 acres and the acreage in Section 36 was decreased about 40 acres. In January 2006, KAFB  began moving the Original Fence to align with the boundary line shown on the Koogle Survey ("New KAFB Fence").

A.  The 2007 BLM Dependent Resurvey

In January 2007, Hinkle Homes Company, predecessor in interest to Defendant Diamond Rock Development, Inc., requested that the Bureau of Land Management ("BLM") perform an official cadastral survey to determine the location of the correct Common Section Boundary. On June 20, 2007, the BLM completed the survey ("Dependent Resurvey") of a portion of the east boundary of Township 9 North, Range 4 East  and portions of the east and south boundaries of Township 10 North, Range 4 East, N.M.P.M.  The Dependent Resurvey shows the location of a monument, which was allegedly set in 1881 by a surveyor named Holden R. Warner ("1881 Corner Monument"). Investment Company alleges that the 1881 Quarter Corner is the "controlling corner on the Common Section Boundary." (Compl. at ¶ 25.) Neither the Black Survey nor the Koogle Survey mention the 1881 Corner Monument. The boundary established by the Dependent Resurvey is south of the boundary shown on the Koogle Survey but is north of the Original KAFB Fence.

After completion of the Dependent Resurvey, the BLM published its findings in a Notice

of Filing in the Federal Register. *Notice of Filing of Plats of Survey; New Mexico*, 72 Fed. Reg. 38100 (July 12, 2007).  On August 10, 2007, KAFB filed a protest to the Dependent Resurvey with the New Mexico State BLM Director.  On October 15, 2007, the BLM State Director rejected KAFB's protest, and KAFB appealed to the Department of Interior Board of Land Appeals ("IBLA").

On December 16, 2008, Mr. Robert A. Casias, Chief Cadastral Surveyor in the New Mexico State BLM office, informed Hinkle Homes Company by letter that the BLM intended to withdraw the Dependent Resurvey because the BLM had not been authorized to perform the Dependent Resurvey.  According to Mr. Casias, the BLM was required to obtain written permission from KAFB before it could survey the boundary of a military installation. (Resp. Ex. B.)

On January 13, 2009, the IBLA entered an Order ("IBLA Order") in which the IBLA granted the BLM's request to set aside the Dependent Resurvey and to remand the protest. (Mot. Ex. 2.) In January 2009, the BLM withdrew the Dependent Resurvey. *Notice of Withdrawal of Filing of Plat of Survey; New Mexico*, 74 Fed. Reg. 4458 (Jan. 26, 2009).

B.  This Lawsuit

On June 18, 2010, Investment Company filed the Complaint For Declaratory Judgment (Doc. No. 1) ("Complaint"), which asks the Court to enter a declaratory judgment: 1) that the Dependent Resurvey is the best evidence of the location of the Common Section Boundary; 2) that the Dependent Resurvey correctly depicts the location of the Common Section Boundary; and 3) that the Common Section Boundary is located as shown on the Dependent Resurvey. (Compl. at 8.) Alternatively, Investment Company asks the Court to declare that there has been a longstanding dispute between the United States and the Section 36 Owners as to the location of

4

the Common Section Boundary that is sufficient to warrant the Court's application to the BLM

to conduct a cadastral resurvey of the Common Section Boundary under 43 U.S.C. § 773.[1] (*Id.* at

8-9.)

      II. The United States's Motion

          A.  Standard of Review

      Investment Company argues that in the Motion the United States has presented matters

outside the pleadings including the Request For Cadastral Survey (Mot. Ex. 1), the IBLA Order

(Mot. Ex. 2), a copy of the Federal Register Notice, 74 Fed. Reg. 4458 (January 26, 2009) (Mot.

Ex. 3), and an internal BLM document entitled Manual of Surveying Instructions (Mot. Ex. 4).

Investment Company asserts that if the Court considers this documentary evidence, the Court

should treat the Motion as a summary judgment motion. Fed. R. Civ. P. 12(d).[2] In its Reply, the

United States does not object to converting the Motion; thus, the Court will consider the

attachments to the Motion as well as the attachments to the Response in its determination of

---

[1] Section 773 states in relevant part,
    [u]pon the application of the owners of three-fourths of the privately owned lands in any
    township covered by public-land surveys, more than 50 per centum of the area of which
    townships is privately owned, . . . the Secretary [of the Interior], or such officer as he
    may designate, shall be authorized in his discretion to cause to be made a resurvey or
    retracement of the lines of said township and to set permanent corners and monuments in
    accordance with the laws and regulations governing surveys and resurveys of public
    lands. . . . Similar resurveys and retracements may be made on the application,
    accompanied by the requisite deposit, of any court of competent jurisdiction, the returns
    of such resurvey or retracement to be submitted to the court. . .
43 U.S.C. § 773.

[2] "If, on a motion under Rule 12(b)(6) or 12©, matters outside the pleadings are
presented to and not excluded by the court, the motion must be treated as one for summary
judgment under Rule 56. All parties must be given a reasonable opportunity to present all the
material that is pertinent to the motion." Fed. R. Civ. P. 12(d). No party has asked the Court for
time to present additional written material.

whether to grant summary judgment in favor of the United States and dismiss the Complaint.

Under Fed. R. Civ. P. 56, the Court may grant summary judgment if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56©. The movant may meet its Rule 56 burden by pointing out to the court that the non-movant "fail[ed] to make a showing sufficient to establish . . . an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Once the movant has met its Rule 56 burden, the burden shifts to the non-moving party to establish the existence of a genuine issue for trial. *Anderson v. Liberty Lobby*, 477 U.S. 242, 256 (1986).

In its Motion, the United States argues that it is entitled to judgment as a matter of law because the Complaint actually states a claim for mandamus relief that is not available as a matter of law.

### B.  Nature of Investment Company's Complaint

The United States argues that although Investment Company asks for a declaratory judgment, the Complaint actually seeks relief in the nature of mandamus, which is unavailable in this case. *See Mt. Emmons Min. Co. v. Babbitt*, 117 F.3d 1167, 1170 (10th Cir. 1997) (stating that plaintiff's requested mandamus was not available under the APA, but that the mandatory injunction available under the APA was similar to mandamus relief). United States contends that mandamus is an extraordinary remedy that can only be invoked to order a public officer to perform a ministerial duty and that mandamus cannot be used to compel an officer to perform an act that is discretionary in nature. *See Marquez-Ramos v. Reno*, 69 F.3d 477, 478-79 (10th Cir. 1995) (stating that mandamus relief is appropriate only if the defendant owes plaintiff a "clear

non-discretionary duty.").

The United States cites *Marathon Oil v. Lujan*, a case in which the Tenth Circuit ruled that a district court could order the BLM to rule on a longstanding application for an oil shale patent, but that the district court "exceeded its authority when it ordered the [BLM] to approve the patent." 937 F.2d 498, 501 (10th Cir. 1991).  United States argues that Investment Company is actually asking the Court to order the BLM to accept the Dependent Resurvey, which is an act within its discretion, and the Court has no authority to order the BLM to perform this discretionary act.  *See also Simmat v. United States Bureau of Prisons*, 413 F.3d 1225, 1235 (10th Cir. 2005) (stating, "[m]andamus relief is available only to compel a government officer to perform a duty that is 'ministerial, clearly defined, and peremptory' as opposed to duties within the officer's discretion.").

In the Response, Investment Company argues that the United States has incorrectly characterized the relief sought in the Complaint.  Investment Company asserts that it has not asked the Court to require the BLM to accept the Dependent Resurvey.  Investment Company maintains that it seeks a declaratory judgment under 28 U.S.C. § 2201[3] declaring that the proper location of the Common Section Boundary is the location shown on the Dependent Resurvey. Investment Company contends that, in essence, the Complaint asks the Court to consider the Dependent Resurvey as the "best evidence" of the proper location of the Common Section

-------------------------------------------------------------------

[3] Section 2201 states,

In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201.

Boundary. (Resp. at 6.)  Investment Company asks in the alternative that this Court request a resurvey of the Common Section Boundary under 43 U.S.C. § 773. (Compl. at 8.)

In its Reply, the United States attempts to change its characterization of the relief sought in the Complaint. The United States asserts that based on Investment Company's description in its Response, this is a "boundary dispute action [that] is indisputably a quiet title claim [that] . . . is time-barred." (Reply at 1.)  The United States incorporates into this Motion all of its arguments in United States' Rule 12(b)(1), Fed. R. Civ. P. Motion To Dismiss Plaintiff's Complaint Due To Lack Of Subject Matter Jurisdiction (Doc. No. 44) ("Motion To Dismiss For Lack of Subject Matter Jurisdiction"). The United States, however, may not raise a new basis for dismissal in the Reply brief. The Court will not consider the statute of limitations argument in deciding this Motion, but the Court will consider the argument in its ruling on the Motion To Dismiss For Lack of Subject Matter Jurisdiction (Doc. No. 44), when it is fully briefed.

C.  Discussion

The relief requested in the Complaint cannot be characterized as a request for a writ of mandamus, and Investment Company has admitted that it essentially seeks to quiet title to the Common Section Boundary. *See* Response to the Defendant's Motion To Dismiss For Lack of Subject Matter Jurisdiction (Doc. No. 49) at 2. The Court notes that in its Complaint, Investment Company referred to the Quiet Title Act in the "Statement of Jurisdiction" and cited 28 U.S.C. § 1346 (f) as one basis for this Court's jurisdiction. (*See* Compl. at 1.) Section 1346(f) grants district courts jurisdiction over "civil actions under section 2409a to quiet title to an estate or interest in real property in which an interest is claimed by the United States." 28 U.S.C. § 1346(f). If the Court grants the relief sought by the Complaint, the Court will necessarily "quiet title" in Investment Company's, and United States's property as defined by the boundary

8

determination. Consequently, the Complaint is not an attempt to obtain mandamus relief,  and

the Court will deny the Motion. In addition, United States' argument that Investment Company

may not seek mandamus relief because it has failed to exhaust administrative remedies also fails.

     IT IS ORDERED that the United States' Fed. R. Civ. P. 12(b)(6) Motion To Dismiss For

Plaintiff's Failure To State A Claim Upon Which Relief Can Be Granted (Doc. No. 32), treated

as a motion for summary judgment, is denied.

                              _____

                          UNITED STATES SENIOR DISTRICT JUDGE